# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| David Hughes, #216973, ) | |
| ) | |
| Petitioner, ) | |
| ) | C.A. No.: 2:09-935-PMD |
| v. ) | |
| ) | |
| Willie Eagleton, Warden of Evans ) | |
| Correctional Institution; ) | **ORDER** |
| ) | |
| Respondent. ) | |
| _____) | |

This matter is before the Court upon Petitioner David Hughes' ("Petitioner") objections to a United States Magistrate Judge's report and recommendation ("R&R") that Petitioner's section 2241 petition be dismissed for lack of prosecution. Having reviewed the entire record, including the Plaintiff's objections, the court finds the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law. Accordingly, the court adopts the R&R and fully incorporates it into this Order.

## BACKGROUND

Petitioner, currently incarcerated by South Carolina Department of Corrections, brought this action seeking relief pursuant to 28 U.S.C. § 2241. He bases his petition on alleged due process violations that occurred during a June 27, 2005 disciplinary hearing in which Petitioner was convicted of possessing contraband. On June 18, 2009, Respondent filed a motion for summary judgment, and on June 24, 2009, the Magistrate Judge advised Petitioner, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), of dismissal and summary judgment procedures and the possible consequences if he failed to respond adequately. Despite this explanation, Petitioner never responded to the motion. The Magistrate Judge then filed a second

order on July 31, 2009, providing the Petitioner with an additional 10 days to file his response to Respondent's motion for summary judgment. In the order, Petitioner was specifically advised that if he failed to respond, the action would be dismissed with prejudice for failure to prosecute. Again, Petitioner did not file a response to Respondent's motion within the allotted time period. On August 18, the Magistrate Judge issued his R&R, in which he recommends dismissing Petitioner's petition for lack for prosecution.

After being granted an extension of time to file his objections because he alleges to have been in "lock-up" beginning July 14, 2009, with "little to no access to the law library material," Petitioner filed his objections to the R&R on September 29, 2009. The objections merely list the names of four cases which, according to Petitioner, explain his "neglect to the filing of [Respondent's] motion for summary judgment . . . ." Despite Petitioner's attempt to have the court rule on his petition, the court is unable to do so as, based on the record before the court, he has failed to exhaust his state remedies.

## STANDARD OF REVIEW

I. **Standard for Reviewing Magistrate Judge's R&R**

The Magistrate Judge only makes a recommendation to the court. It has no presumptive weight, and the court retains the responsibility for making a final determination. *Mathews v. Weber*, 423 U.S. 261, 269 (1976). If a party makes a written objection to a Magistrate Judge's report within ten days of being served with a copy of that report, the court will review the specific objections *de novo*. 28 U.S.C. § 636(b)(1). The court is allowed to accept, reject, or modify the R&R in whole or in part. *Id*. Additionally, the court may recommit the matter to the Magistrate Judge with instructions. *Id. Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a

court is charged with liberally construing a complaint filed by a *pro se* litigant to allow for the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). The requirement of liberal construction, however, does not mean the court can ignore a clear failure to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## II. Legal Standard for Summary Judgment

To grant a motion for summary judgment, the court must find that "there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c). The judge is not to weigh the evidence but rather must determine if there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). All evidence should be viewed in the light most favorable to the nonmoving party. *Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123–24 (4th Cir. 1990). "[W]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, disposition by summary judgment is appropriate." *Teamsters Joint Council No. 83 v. Centra, Inc.*, 947 F.2d 115, 119 (4th Cir. 1991). "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The "obligation of the nonmoving party is 'particularly strong when the nonmoving party bears the burden of proof.'" *Hughes v. Bedsole*, 48 F.3d 1376, 1381 (4th Cir. 1995) (quoting *Pachaly v. City of Lynchburg*, 897 F.2d 723, 725 (4th Cir. 1990)). Summary judgment is not "a disfavored procedural shortcut," but an important mechanism for weeding out "claims and defenses [that] have no factual bases." *Celotex*, 477 U.S. at 327.

## ANALYSIS

The South Carolina Supreme Court has outlined the proper course to exhaust state remedies. First, an inmate must complete the SCDC grievance procedure. *Al-Shabazz v. State*, 338 S.C. 354, 375 (2000). The final decision of the SCDC may then be appealed to the Administrative Law Court. *Id.* at 376. Third, to obtain review of the decision of the ALC, a prisoner must file an appeal with the state circuit court. *Id.* at 378. Lastly, the inmate should obtain "appellate review of a final judgment of the circuit court in the manner prescribed for civil cases." *Id.* at 381 (citation omitted). The Supreme Court has determined that an inmate's grievance is considered exhausted after obtaining an adverse decision from the court of appeals. *State v. McKennedy*, 348 S.C. 270, 276 (2002).

In this case, Petitioner was convicted for possession of contraband following a disciplinary hearing, on June 27, 2005, and sentenced to 90 days of disciplinary detention. On June 28, he filed a Step 1 grievance, appealing his conviction, and the warden denied this grievance. On August 11, 2005, Petitioner filed a Step 2 grievance, appealing the warden's decision, which was also denied. Finally, on November 11, 2005, Petitioner filed a notice of appeal with the South Carolina Administrative Law Court ("ALC"). Although Respondent represents that this appeal is still pending, it appears that the ALC dismissed Petitioner's appeal on November 19, 2007, because of his failure to file a brief in the case. Thus, Petitioner failed to exhaust his SCDC remedies, as he never prosecuted his appeal at the ALC, nor has Petitioner received a decision from the state's highest court. Moreover, in his answers to the court's special interrogatories, Petitioner only indicates that he appealed his grievance to the ALC and does not indicate that he appealed its decision to the state's highest court. It has been established that "[t]o satisfy the exhaustion requirement, a habeas petitioner must fairly present his claim to the state's

highest court," *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997), and since Petitioner has failed to do so, the court must deny Petitioner's petition.

## **CONCLUSION**

Based on the foregoing, it is **ORDERED** that Respondent's Motion for Summary Judgment is **GRANTED** and that Petitioner's claim is **DISMISSED**.

**AND IT IS SO ORDERED.**

_____
PATRICK MICHAEL DUFFY
United States District Judge

**December 17, 2009**
**Charleston, SC**